1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RAY THOMPSON,<br><br>                    Petitioner,<br><br>    v.<br><br>SCOTT KERNAN and BILL LOCKYER,<br><br>                    Respondents. | Case No. 06-cv-2314-IEG-RBB<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION** |

Presently before the Court is Petitioner Travis Ray Thompson's motion for reconsideration of District Judge Irma E. Gonzalez's July 11, 2008 order denying Thompson's petition for writ of habeas corpus. (ECF No. 42.) For the reasons that follow, the Court **DENIES** Petitioner's motion.

## I.    BACKGROUND

On December 26, 2006, Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 6. ("First Am. Pet.")) The petition challenged Thompson's July 2003 convictions for assault by a prisoner and possession of a weapon by a prisoner. One of the six claims raised in Thompson's petition was that the state trial court denied him due process by failing to instruct the jury on a so-called "political" defense. Thompson's attempt to invoke

a political defense stems from his belief that prison guards intentionally provoked the assault leading to his conviction because of a conspiracy between the prison guards and the correction officers' union to increase statistics regarding violence in prisons. (First Am. Pet. 6–8; ECF No. 26 at 16:1–5.) On January 25, 2008, Magistrate Judge Ruben B. Brooks issued a 43-page Report & Recommendation ("Report") recommending that the District Judge deny Thompson's petition. (ECF No. 26.) On July 11, 2008, after considering Petitioner's objections to Judge Brooks' Report, District Judge Gonzalez issued an order adopting the magistrate judge's Report and denying Thompson's petition. (ECF No. 35.) On August 24, 2015, more than seven years after Judge Gonzalez's July 11, 2008 Order, Petitioner filed the instant motion for reconsideration of that order.

Petitioner argues that reconsideration is warranted because he has discovered legal precedent and newspaper articles corroborating his entitlement to a political defense. (Pet'r's Mot. for Recons. 2:1–3.) Petitioner claims that he discovered the legal precedent, which consist of a Second Circuit opinion from January 2008 and an Eastern District of Louisiana court order from March 2011, on May 16, 2014 (*Id.* at 19:2–9), and the relevant newspaper articles on November 15, 2013 (*Id.* at 14:11–16). Petitioner also states that after his conviction for the prison assault, prison guards engaged in a campaign of intimidation to deprive him of adequate law library access and material, a campaign manifested in part by the replacement of bound books with "LEXIS NEXUS computer complications." (*Id.* at 13:12–26.) Petitioner moves for reconsideration pursuant to both Federal Rule of Civil Procedure 60(b)(2) and 60(b)(6).

## II.  DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the District Court. Rule 60(b) permits a district court to relieve a party from a final judgment, order, or proceeding upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's

1  fraud, misrepresentation, or misconduct; (4) a void judgment; (5) a satisfied, released,
2  or discharged judgment; or (6) any other reason that justifies relief from the operation
3  of the judgment. Fed. R. Civ. P. 60(b).  "A motion under Rule 60(b) must be made
4  within a reasonable time—and for reasons (1) [mistake], (2) [newly discovered
5  evidence], and (3) [fraud] no more than a year after the entry of the judgment or
6  order[.]" Fed. R. Civ. P. 60(c)(1). To succeed on a Rule 60(b) motion, "a party must
7  set forth facts or law of a strongly convincing nature to induce the court to reverse its
8  prior decision." *Bradley v. Olmos*, No. 1:10–cv–1459–MJS PC, 2013 WL 1326611,
9  at *1 (E.D. Cal. Mar. 29, 2013).

10  A moving party's burden is particularly high when a motion to reconsider is
11  based upon Rule 60(b)(6). This catch-all provision is to be "used sparingly as an
12  equitable remedy to prevent manifest injustice" and "only where extraordinary
13  circumstances prevented a party from taking timely action to prevent or correct an
14  erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103
15  (9th Cir. 2006) (citation omitted); *see also United States v. Alpine Land & Reservoir
16  Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) (explaining that relief under Rule 60(b)(6)
17  "is available only where extraordinary circumstances prevented a litigant from
18  seeking earlier, more timely relief"). A party moving for relief under Rule 60(b)(6)
19  "must demonstrate both injury and circumstances beyond his control that prevented
20  him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d
21  737, 749 (9th Cir. 2008) (citation omitted).

22  **A. Petitioner's Motion is Untimely Under Both Rule 60(b)(2) and Rule
23  60(b)(6)**

24  Petitioner's Rule 60(b)(2) argument is easily disposed of. As explained above,
25  a motion for reconsideration based upon Rule 60(b)'s newly discovered evidence
26  provision must be made "no more than a year" after the final judgment or order at
27  issue. In this case, Judge Gonzalez issued her order adopting the Magistrate Judge's
28  Report and denying Petitioner's habeas petition on July 11, 2008. Petitioner's motion

for reconsideration of that order was filed *nunc pro tunc* to August 24, 2015. This seven-year delay clearly exceeds the stated one-year time limit and precludes the Court from considering the motion under Rule 60(b)(2). *See Nevitt v. United States*, 886 F.2d 1187 (9th Cir. 1989) (holding that district court lacked jurisdiction to consider a Rule 60(b)(2) motion that was not filed within one year of entry of judgment). The Court has no discretion to extend the time permitted to file a Rule 60(b)(2) motion. *See* Fed. R. Civ. P. 6(b)(2) ("*A court must not extend the time to act under* Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and *60(b)*.") (emphasis added). Accordingly, the Court finds that to the extent Petitioner moves for reconsideration pursuant to Rule 60(b)(2), the Court lacks jurisdiction to consider the motion.

A motion under Rule 60(b)(6) must be made "within a reasonable time" and so is not definitively time barred by the plain text of the Federal Rules simply because it is filed more than one year after a final judgment or order. But even under the discretion permitted the Court under the reasonable time standard, the Court finds Petitioner's motion for reconsideration unreasonably late. The linchpin of Petitioner's motion is that two court cases discovered on May 16, 2014 corroborate his right to a political defense. As Petitioner implicitly acknowledges, however, this material was not of such recent creation that it could not have been relied upon sooner. (Pet'r's Mot. for Recons. 14:8–15.) Petitioner claims that prison guards engaged in a campaign of unspecified intensity and duration to intimidate him and deprive him of access to the prison law library, but even assuming the truth of such threadbare claims Petitioner's delay is still unreasonable under the circumstances. By Thompson's own account he discovered all of the material at issue by May 16, 2014—more than a year before filing his motion for reconsideration. Petitioner makes no suggestion that prison guards denied him the ability, after May 16, 2014, to file the instant motion. Absent some legally valid justification or excuse, it is well within the discretion of district courts to find a delay of the kind at issue here untimely under the meaning of Rule 60's reasonable time standard. *See, e.g.*, *Adams v. Hedgpeth*, 2014 WL 1795167,

at *2 (C.D. Cal. Apr. 9, 2014) ("District courts have found a delay of even 14 or 15 months before seeking relief from a judgment dismissing a habeas petition was unreasonable."); *Rodriquez–Villareal v. United States*, 2007 WL 2410058, at *3 (S.D. Cal. Aug. 2007) (finding petitioner's 14-month delay before filing a Rule 60(b)(6) motion untimely). Accordingly, the Court denies Petitioner's motion for reconsideration as untimely under Rule 60(b)(6).[1]

## III. CONCLUSION & ORDER

For the aforementioned reasons, the Court **DENIES** Petitioner's motion for reconsideration. (ECF No. 42.)

**IT IS SO ORDERED.**

DATED: December 1, 2015

Hon. Cynthia Bashant
United States District Judge

---

[1] The Court notes that even if Petitioner's motion is treated as timely for purposes of Rule 60(b)(6), Petitioner has not met his burden to satisfy that prong's showing of extraordinary circumstances, including "injury" and "circumstances beyond his control." *Harvest v. Castro*, 531 F.3d 737 (9th Cir. 2008). First, Petitioner has not shown injury because the newly discovered legal precedent is irrelevant to Petitioner's claim that he was entitled to a jury instruction on a so-called "political defense." The first case Petitioner's cites, *Clark v. Perez*, affirms the general principle that a defendant may choose the method of her defense, including protesting the legitimacy of legal proceedings as part of a "*de facto* political protest," but the case does not establish a political defense as a legally cognizable doctrine. 510 F.3d 382, 390 (2d Cir. 2008). Indeed, whereas Petitioner believes he was entitled to an instruction on a political defense based on an alleged conspiracy by the correction officers' union and prison guards to provoke assaults, the defendants in *Clark* declined to submit jury charges at all because they considered the proceedings illegitimate. *Id.*, 510 F.3d at 388. The second case cited by Petitioner, *United States v. Dillon*, discusses among other things the legal standard to prove selective prosecution. 2011 WL 1235157 (E.D. La. Mar. 31, 2011). In *Dillon*, the defendant argued that he was singled out for prosecution by Republican political operatives and officials because of his ties to a Democratic Senator. The Court cited Sixth Circuit case law to explain that "[S]elective prosecution occurs when a prosecutor singles out a person belonging to an identifiable class for prosecution, initiates the prosecution with a discriminatory purpose, and the *prosecution* has a discriminatory effect on the group to which the defendant belongs." *Id.*, 2011 WL 1235157, at *14–15. Although a cursory reading of *Dillon* might suggest the case is relevant to Petitioner's case, it clearly is not. Petitioner does not argue that he was selectively prosecuted; he argues that prison guards intentionally provoked his assault to increase statistics regarding prison violence. Thus, neither *Clark* nor *Dillon* supports Petitioner's argument that he was denied jury instructions on a defense applicable under California law.

Second, Petitioner has not demonstrated the existence of extraordinary circumstances that prevented him from making a full presentation of his argument either in his habeas petition and or in his objection to the Magistrate Judge's Report denying that petition. Although Petitioner references a campaign by prison guards to intimidate him and deprive him of access to the law library, these are threadbare assertions with no factual support or suggestion of extraordinary circumstances. Indeed, Petitioner explains that the deprivation of adequate access to the law library and legal materials stemmed from the fact that "books [were] replaced by LEXIS NEXUS computer complications, blocks, and inaccessible headnotes[] to incapacitate Petitioner's research," and that prison guards withheld letters that Petitioner attempted to send to law professors. Without more, the circumstances presented simply do not justify the extraordinary relief of vacating a court order pursuant to Rule 60(b)(6).